DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
Allan S. Brilliant
Shmuel Vasser
Jeffrey T. Mispagel

*Proposed Attorneys for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------- X
                                                      :
In re:                                                : Chapter 11
                                                      :
LEGEND PARENT, INC.,                                  : Case No. 14-10701 (    )
                                                      :
       Debtor.                                        :
                                                      :
----------------------------------------------------- X
                                                      :
In re:                                                : Chapter 11
                                                      :
MMODAL HOLDINGS, INC.,                                : Case No. 14-10700 (    )
                                                      :
       Debtor.                                        :
                                                      :
----------------------------------------------------- X
                                                      :
In re:                                                : Chapter 11
                                                      :
MMODAL INC.,                                          : Case No. 14-10703 (    )
                                                      :
       Debtor.                                        :
                                                      :
----------------------------------------------------- X

18955149

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MULTIMODAL TECHNOLOGIES, LLC, | : | Case No. 14-10704 (    ) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MMODAL CB INC., | : | Case No. 14-10706 (    ) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| POIESIS INFORMATICS, INC., | : | Case No. 14-10705 (    ) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MMODAL MQ INC., | : | Case No. 14-10709 (    ) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MMODAL SYSTEMS & SERVICES INC., | : | Case No. 14-10708 (    ) |
| Debtor. | : | |

| | | |
|---|---|---|
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MIRRUS SYSTEMS INC., | : : | Case No. 14-10707 (   ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MEDQUIST OF DELAWARE, INC., | : : | Case No. 14-10710 (   ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MMODAL IP LLC, | : : | Case No. 14-10713 (   ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MMODAL SERVICES, LTD., | : : | Case No. 14-10711 (   ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MEDQUIST CM LLC, | : : | Case No. 14-10714 (   ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X | |

| | | |
|---|---|---|
| ------------------------------------------------------- X | : | |
| In re: | : | Chapter 11 |
| | : | |
| ALL TYPE MEDICAL TRANSCRIPTION SERVICES, INC., | : | Case No. 14-10712 (     ) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------------------------------- X | | |

**DEBTORS' MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned attorneys, hereby file this motion (the "**Motion**") for entry of an order directing joint administration of their chapter 11 cases for procedural purposes only. In support thereof, the Debtors respectfully represent as follows:

**INTRODUCTION**

1. On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in any of the Debtors' cases.

2. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these chapter 11 cases is contained in the *Declaration of David Woodworth in Accordance With Local Rule 1007-2 in Support of First Day Motions* (the "**First Day Declaration**") filed contemporaneously herewith and incorporated herein by reference.

4

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

4. Pursuant to Bankruptcy Rule 1015(b), the Debtors hereby seek the joint administration of their chapter 11 cases. This is not a request for substantive consolidation.

5. The Debtors propose that the caption of their jointly-administered chapter 11 cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LEGEND PARENT, INC., *et al.*, | : | Case No. 14-10701 (     ) |
| Debtors.[1] | : | Jointly Administered |

6. The Debtors further propose that a docket entry be made in each of the above-captioned cases substantially as follows:

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Legend Parent, Inc. (8624); MModal Holdings, Inc. (7380); MModal Inc. (6666); Multimodal Technologies, LLC (2076); MModal CB Inc. (5948); Poiesis Informatics, Inc. (0978); MModal MQ Inc. (1298); MModal Systems & Services Inc. (3443); Mirrus Systems Inc. (5862); MedQuist of Delaware, Inc. (3311); MModal IP LLC (0512); MModal Services, Ltd. (0433); MedQuist CM LLC (5362); and All Type Medical Transcription Services, Inc. (0722). The Debtors' corporate headquarters is located at 5000 Meridian Boulevard, Suite 200, Franklin, TN 37067.

5

> An order has been entered in this case directing joint administration of this case with the chapter 11 bankruptcy case of Legend Parent, Inc., Case No. 14-10701 (    ). The docket for Legend Parent, Inc., should be consulted for all matters affecting this case. All further pleadings or other papers shall be filed in the case of Legend Parent, Inc., Case No. 14-10701 (    ).

7. In addition, the Debtors also seek authority to file their monthly operating reports required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Office of the United States Trustee, on a consolidated basis, provided that they track and break out itemized disbursements on a debtor-by-debtor basis in each monthly operating report. The Debtors submit that filing consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

## **BASIS FOR RELIEF REQUESTED**

8. Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of a debtor and its "affiliates," as defined in section 101(2) of the Bankruptcy Code. MModal Holdings, Inc., the ultimate parent company of the Debtors, holds 100% of the equity in Legend Parent, Inc., which in turn holds 100% of the equity in MModal Inc. MModal Inc., directly or indirectly, owns the equity interests in all of the other Debtors' domestic subsidiaries. An organizational chart showing the corporate structure of the Debtors is attached as <u>Exhibit A</u> to the First Day Declaration. The Debtors, therefore, are "affiliates" under the definition of section 101(2) of the Bankruptcy Code, and accordingly, this Court has the authority to grant the relief requested herein pursuant to Bankruptcy Rule 1015(b).

9. The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications seeking relief on behalf of all of the Debtors. The Debtors respectfully submit that joint administration of their chapter 11 cases is in

6

the best interests of their estates, creditors, and other parties-in-interest and will further the interests of judicial economy and administrative expediency by, among other things, obviating the need to file duplicate motions, to enter duplicate orders, and to forward unnecessary, duplicate notices to creditors and other parties-in-interest. The Debtors request that these cases be jointly administered in the name of Legend Parent, Inc. The Debtors are not requesting substantive consolidation of their estates by this Motion.

10. The entry of joint administration orders in multiple related cases such as these is common in this district. See, e.g., In re Metro Affiliates, Inc., Case No. 13-13591 (SHL) (Bankr. S.D.N.Y. Nov. 7, 2013); In re Residential Capital, LLC, Case No. 12-12020 (JMP) (Bankr. S.D.N.Y. May 14, 2012); In re Velo Holdings Inc., Case No. 12-11384 (MG) (Bankr. S.D.N.Y. Apr. 3, 2012); In re Borders Group, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011); In re The Great Atl. & Pac. Tea Co., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 15, 2010); In re Blockbuster, Inc., Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 23, 2010); In re Innkeepers USA Trust, Case No. 10-13800 (SCC) (Bankr. S.D.N.Y. July 20, 2010); In re Truvo USA LLC, Case No. 10-13512 (AJG) (Bankr. S.D.N.Y. July 1, 2010); In re AGT Crunch Acquisition, LLC, Case No. 09-12889 (REG) (Bankr. S.D.N.Y. May 6, 2009).

11. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

## NOTICE

12. Notice of this Motion has been provided to: (i) the United States Trustee for Region 2, serving the Southern District of New York, (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) the Administrative Agent under the Credit Facility; (iv) counsel to the Administrative Agent under the Credit Facility; (v) the Trustee under

the Indenture; (vi) counsel to the holders of the majority of the Notes under the Indenture; (vii) the Internal Revenue Service; (viii) the New York State Department of Taxation and Finance; (ix) the New York State Department of Health; (x) the Securities and Exchange Commission; (xi) the United States Attorney's Office; and (xii) the United States Attorney General.  In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.  The Debtors have provided notice to all entities believed to have claimed or may claim an interest in the subject matter of the proposed orders or which otherwise would be affected by the proposed order.

## **NO PRIOR RELIEF**

13. No previous motion for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the Debtors the relief requested herein and such other and further relief to the Debtors as may be just and proper.

Dated: New York, New York
       March 20, 2014    DECHERT LLP

                                                           /s/ <u>Shmuel Vasser</u>
                                                     Allan S. Brilliant
                                                     Shmuel Vasser
                                                     Jeffrey T. Mispagel
                                                     1095 Avenue of the Americas
                                                     New York, New York  10036
                                                     Telephone:  (212) 698-3500
                                                     Facsimile:  (212) 698-3599
                                                     Email:  allan.brilliant@dechert.com
                                                                   shmuel.vasser@dechert.com
                                                                   jeffrey.mispagel@dechert.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Form of Order**

18955149

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEGEND PARENT, INC., | Case No. 14-10701 (    ) |
| Debtor. | |

|  |  |
|---|---|
| In re: | Chapter 11 |
| MMODAL HOLDINGS, INC., | Case No. 14-10700 (    ) |
| Debtor. | |

|  |  |
|---|---|
| In re: | Chapter 11 |
| MMODAL INC., | Case No. 14-10703 (    ) |
| Debtor. | |

|  |  |
|---|---|
| In re: | Chapter 11 |
| MULTIMODAL TECHNOLOGIES, LLC, | Case No. 14-10704 (    ) |
| Debtor. | |

|  |  |
|---|---|
| In re: | Chapter 11 |
| MMODAL CB INC., | Case No. 14-10706 (    ) |
| Debtor. | |

18955149

| | | |
|---|---|---|
| --------------------------------------------------------- | X : | |
| In re: | : | Chapter 11 |
| | : | |
| POIESIS INFORMATICS, INC., | : | Case No. 14-10705 (   ) |
| | : | |
| Debtor. | : | |
| | : : | |
| --------------------------------------------------------- | X : | |
| In re: | : | Chapter 11 |
| | : | |
| MMODAL MQ INC., | : | Case No. 14-10709 (   ) |
| | : | |
| Debtor. | : | |
| | : : | |
| --------------------------------------------------------- | X : | |
| In re: | : | Chapter 11 |
| | : | |
| MMODAL SYSTEMS & SERVICES INC., | : | Case No. 14-10708 (   ) |
| | : | |
| Debtor. | : | |
| | : : | |
| --------------------------------------------------------- | X : | |
| In re: | : | Chapter 11 |
| | : | |
| MIRRUS SYSTEMS INC., | : | Case No. 14-10707 (   ) |
| | : | |
| Debtor. | : | |
| | : : | |
| --------------------------------------------------------- | X : | |
| In re: | : | Chapter 11 |
| | : | |
| MEDQUIST OF DELAWARE, INC., | : | Case No. 14-10710 (   ) |
| | : | |
| Debtor. | : | |
| | : : | |
| --------------------------------------------------------- | X | |

| | | |
|---|---|---|
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MMODAL IP LLC, | : : | Case No. 14-10713 (    ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MMODAL SERVICES, LTD., | : : | Case No. 14-10711 (    ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| MEDQUIST CM LLC, | : : | Case No. 14-10714 (    ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X : | |
| In re: | : : | Chapter 11 |
| ALL TYPE MEDICAL TRANSCRIPTION SERVICES, INC., | : : : | Case No. 14-10712 (    ) |
| Debtor. | : : : | |
| ------------------------------------------------------- | X | |

**<u>ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES</u>**

Upon consideration of the motion (the "**Motion**")[1] of the Debtors for an order directing joint administration of their chapter 11 cases; and jurisdiction existing for the Court to consider the Motion; and the Court having found that good and sufficient cause exists for granting the Motion; and upon consideration of the First Day Declaration, and the files and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

records in these cases; and upon the arguments and statements in support of the Motion presented at the hearing before the Court; and it appearing that joint administration of these cases will be in the best interests of the Debtors' estates, creditors, and other parties-in-interest and will further the economic and efficient administration of these cases; and it further appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further notice of the Motion need be given; it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, for the reasons set forth in the Motion, the above-captioned cases shall be jointly administered by this Court; and it is further

ORDERED that the caption of the jointly administered chapter 11 cases shall be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEGEND PARENT, INC., *et al.*, | Case No. 14-10701 (    ) |
| Debtors.[1] | Jointly Administered |

and it is further

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Legend Parent, Inc. (8624); MModal Holdings, Inc. (7380); MModal Inc. (6666); Multimodal Technologies, LLC (2076); MModal CB Inc. (5948); Poiesis Informatics, Inc. (0978); MModal MQ Inc. (1298); MModal Systems & Services Inc. (3443); Mirrus Systems Inc. (5862); MedQuist of Delaware, Inc. (3311); MModal IP LLC (0512); MModal Services, Ltd. (0433); MedQuist CM LLC (5362); and All Type Medical Transcription Services, Inc. (0722). The Debtors' corporate headquarters is located at 5000 Meridian Boulevard, Suite 200, Franklin, TN 37067.

ORDERED that a docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case directing joint administration of this case with the chapter 11 bankruptcy case of Legend Parent, Inc., Case No. 14-10701 (   ). The docket for Legend Parent, Inc., should be consulted for all matters affecting this case. All further pleadings or other papers shall be filed in the case of Legend Parent, Inc., Case No. 14-10701 (   ).

and it is further

ORDERED that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting substantive consolidation of the above-captioned cases; and it is further

ORDERED that the Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Office of the United States Trustee, on a consolidated basis but shall track and break out itemized disbursements on a debtor-by-debtor basis in each monthly operating report; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____, 2014
      New York, New York

                                                      _____
                                                      UNITED STATES BANKRUPTCY JUDGE